Osbal Geovani LOPEZ;
et al., Petitioners,

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73669.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.[*]

Decided July 19, 2004.

Arielle N. Bases, Esq., Law Office of Arielle Bases, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration and Naturalization Service, Los Angeles, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., Jeffrey J. Bernstein, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**68**

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

MEMORANDUM **

Osbal Geovani Lopez, his wife Siomare Lemus–Lopez, and their son Darwin Lopez, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We conclude that substantial evidence supports the IJ's determination that any mistreatment of Lopez by the guerrillas was motivated solely by their desire to extort money from the owner of the factory where Lopez was employed as a security guard, and not by any political opinion held by or attributed to Lopez by the guerrillas. *See Reyes–Guerrero . v. INS,* 192 F.3d 1241, 1245 (9th Cir.1999) (stating that to warrant asylum "the applicant must establish a 'causal connection' between the persecution and the political opinion"). By failing to qualify for asylum, petitioners necessarily fail to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioners' contention that the BIA's streamlining regulations violate their due process rights is foreclosed by *Falcon Car-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*riche v. Ashcroft,* 350 F.3d 845, 849–51 (9th Cir.2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**